945 F.2d 407
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George W. BARGER, Defendant-Appellant.
 No. 90-3834.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 13, 1991.
Decided Oct. 4, 1991.
 
 1
 Before CUDAHY and EASTERBROOK, Circuit Judges, and MOODY, District Judge*.
 
 Order
 
 2
 George Barger, formerly a criminal prosecutor, pleaded guilty to tax and mail fraud offenses under a plea bargain that established 20 years as the maximum possible term. The district judge sentenced Barger to 20 years' imprisonment. Four days later Allan Yackey, his attorney, left on vacation. Sometime after Yackey departed, Barger decided that he wanted to appeal his sentence.
 
 
 3
 What has happened since is a comedy of errors. On his return from vacation Yackey filed a motion under Fed.R.App.P. 4(b) for an extension of time within which to appeal. The district court denied this motion, concluding that neither Barger's belated decision to appeal nor Yackey's vacation established "excusable neglect", which under Rule 4(b) is the only permissible ground of an extension. Yackey filed a motion to reconsider, which the court denied, but did not file a timely appeal; he was away from his office again. Instead Yackey filed a motion to extend the time to appeal from the order denying the motion to reconsider the order denying leave to extend the time to appeal. The district judge denied this motion, too, on the ground that Yackey had not shown excusable neglect. Yackey at last filed a notice of appeal, and a new lawyer was appointed to represent Barger in this court.
 
 
 4
 The appeal from a motion thrice removed from the sentence brings up only the latest denial. Sequential motions do not allow a court to reach back to the original decision. Charles v. Daley, 799 F.2d 343, 347-48 (7th Cir.1986). This limitation, coupled with deferential review of orders declining to enlarge the time within which to appeal, see United States v. Kimberlin, 898 F.2d 1262, 1264 (7th Cir.1990), dooms the valiant effort by Barger's new lawyer to salvage the situation. New counsel asserts that Yackey bungled the job, which is not "excusable" neglect.
 
 
 5
 Barger retains the option of filing a petition under 28 U.S.C. § 2255. If Yackey's efforts were ineffective assistance of counsel, then the appropriate remedy is a fresh judgment from which a new appeal will lie. Kimberlin, 898 F.2d at 1264-65. Whether Yackey furnished ineffective assistance is a question on which the district judge should have the initial word. If Yackey advised Barger of his right to appeal, discussing the potential for success, and Barger decided not to appeal, changing his mind only after the 10 days provided by Rule 4(b) had run, then Barger cannot blame his lawyer for the expiration of time. (A change of mind is not the "excusable neglect" that allows an extension.) If however Yackey told Barger that an appeal could not be taken or neglected to discuss the subject with his client, Barger might be entitled to relief. ("Might" rather than "would" because Barger, himself a criminal lawyer, may encounter difficulty showing prejudice from Yackey's omission.) All this lies ahead.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Of the Northern District of Indiana, sitting by designation